IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:17-CR-30179-NJR-1 |
| CHRISTOPHER SCOTT FRY, | |
| Defendant. | |

# ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Early Termination of Supervised Release filed by Defendant Christopher Scott Fry. (Doc. 120). Fry seeks early termination of his five-year period of supervised release after serving over two years of his term. (*See* Docs. 120, 122). The Government and United States Probation Office oppose the motion. (Doc. 122).

Under 18 U.S.C. § 3583(e)(1), "[t]he court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"

Here, Fry has served more than one year of his term of supervised release which began in March 2022. (Docs. 120, 122). He was originally sentenced to a 72-month term of imprisonment and five years of supervised release. (Doc. 87). Fry reports that he has secured a Commercial Driver's License and sustained full-time employment on supervised release.

(Doc. 120). He also points to his compliance in remaining substance free. Fry's employer requires a monthly random drug test, and Probation also administers drug testing. Fry has passed all testing of this nature. (*Id.*). Fry highlights that he resides with his wife of 33 years and maintains a positive relationship with his children and grandchildren. (*Id.*). Moreover, Fry has been reduced to the lowest level of supervision with Probation. (*Id.*). He argues that he has proven his commitment to compliance with his conditions of release, he poses no danger to himself or the community, and supervision is no longer necessary. (*Id.*).

The Government, aligning with a recommendation from the Probation Office, argues against early termination of supervised release for Fry. (Doc. 122). The Government argues that, while Fry has been largely successful on supervised release thus far, Fry's request should be reassessed in six months. (*Id.*). According to the Government, six additional months of supervised release will "ensure long-term and sustained success." (*Id.*). The Government also states that, while Fry has reported working full-time, he has not submitted his income verification to the Probation Office for over a year, with his last submission in April 2023.

Replying to the Government's concerns, Fry provided Probation with income verification for April 2023 to April 2024. (Doc. 124). The verification shows full-time income earned from his employer for all but three months, during which Fry collected unemployment, due to the routine, weather-related slowdown in trucking work. (*Id.*).

Importantly, Fry has addressed the Government's income verification concern. Further, the Court is not persuaded that it should wait and reevaluate Fry's request in six months, as the Government proposes. Despite opposition from the Government and Probation Office, after considering Fry's original motion and subsequent reply along with the

18 U.S.C. § 3553(a) factors, the Court finds that early termination of Fry's supervised release is warranted by his conduct and in the interest of justice.

Accordingly, the Motion for Early Termination of Supervised Release filed by Defendant Christopher Scott Fry (Doc. 120) is **GRANTED**. The previously imposed term of supervised release is **TERMINATED** as of the date of this Order.

**IT IS SO ORDERED.**

**DATED:   May 9, 2024**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**